Michael T. Hornak (State Bar No. 81936)
email: mhornak@rutan.com
Ronald P. Oines (State Bar No. 145016)
email: roines@rutan.com
Bradley A. Chapin (State Bar No. 232885)
email: bchapin@rutan.com
Benjamin Deming (State Bar No. 233687)
bdeming@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff ASSA ABLOY AB

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DISTRICT

| | |
|---|---|
| ASSA ABLOY AB, a Swedish Limited Liability Company,<br><br>          Plaintiff,<br><br>     vs.<br><br>SPECTRUM BRANDS, INC., a Delaware corporation; UNIKEY TECHNOLOGIES, INC., a Florida corporation and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff ASSA ABLOY AB ("AAAB") ("Plaintiff"), for its Complaint

2   against defendants SPECTRUM BRANDS, INC. ("Spectrum")[1], UNIKEY

3   TECHNOLOGIES, INC. ("UniKey"), and DOES 1 through 10, inclusive,

4   (Spectrum, UniKey and DOES 1 through 10 are collectively referred to herein as

5   "Defendants") alleges as follows:

6                       **JURISDICTION AND VENUE**

7        1.      This is an action for patent infringement arising under the Patent Laws

8   of the United States, Title 35, United States Code.  This Court has jurisdiction over

9   the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising

10  under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal

11  question).

12       2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

13  Spectrum is subject to personal jurisdiction in this Judicial District, resides in this

14  Judicial District, has committed acts of infringement in this Judicial District, and has

15  a regular and established place of business in this Judicial District.  UniKey is

16  subject to personal jurisdiction in this Judicial District, has committed acts of

17  infringement in this Judicial District and actively enters into business dealings in

18  this Judicial District, which business dealings are directly related to the claims for

19  relief in this case.

20                          **THE PARTIES**

21       3.      AAAB is a Limited Liability Company established under the laws of

22  Sweden and having a principal place of business in Stockholm, Sweden.

23       4.      On information and belief, defendant Spectrum is a Delaware

24  corporation with a principal place of business located at 19701 Da Vinci, Lake

25  Forest, CA  92610.  Spectrum makes, uses, sells, offers to sell, and/or imports into

26

27  [1]   In November 2014, a company called Kwikset Corporation was merged with and
    into Spectrum pursuant to section 253 of the General Corporation Law of Delaware.
    Prior to the merger, Kwikset Corporation was the operating entity that made, used,
28  sold, offered to sell, and/or imported into the United States the accused products
    attributed to Spectrum herein.

1  the United States a product called the "Kwikset Kevo" which infringes the patent
2  described below.

3      5.      On information and belief, defendant UniKey is a Florida corporation
4  with a principal place of business located at 2250 Lee Rd., Suite 100, Winter Park,
5  FL 32789.

6      6.      The true names and capacities, whether individual, corporate, associate
7  or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff,
8  which therefore sue said defendants by such fictitious names.  Plaintiff will seek
9  leave of this Court to amend this Complaint to include their proper names and
10 capacities when they have been ascertained.  Plaintiff is informed and believes, and
11 based thereon alleges, that each of the fictitiously named defendants participated in
12 and is in some manner responsible for the acts described in this Complaint and the
13 damage resulting therefrom.

14     7.      Plaintiff alleges on information and belief that each of the defendants
15 named herein as Does 1 through 10, inclusive, performed, participated in, or abetted
16 in some manner, the acts alleged herein, proximately caused the damages alleged
17 hereinbelow, and are liable to Plaintiff for the damages and relief sought herein.

18                          **AAAB'S BUSINESS**

19     8.      AAAB is the parent company of several entities worldwide that are
20 leaders in the delivery of secure identity solutions for millions of customers
21 throughout the world.  These identity solutions are used in a variety of applications,
22 including physical access control, logical access control, access card printing and
23 personalization, highly secure government identification and animal identification.
24 These products, solutions and services are sold through a well-established network
25 of OEMs, developers, systems integrators and distributors worldwide.  End users of
26 these products, solutions and services include businesses and organizations in
27 virtually all industry sectors, including government, healthcare, retail, industrial,
28 commercial, consumer, airports, ports, finance and education.

**THE PATENT AT ISSUE**

9.      AAAB owns numerous patents and other intellectual property that relate to various aspects of its business and the business of its affiliates.  The patent that is the subject of this action, United States Patent No. 8,074,271 (the "'271 Patent") relates generally to the use of mobile devices in a secure access system.

10.     The '271 Patent, entitled "Method and apparatus for making a decision on a card," issued on December 6, 2011.  AAAB owns by assignment the '271 Patent.  A true and correct copy of the '271 Patent is attached as **Exhibit "A"**.

**DEFENDANTS' INFRINGEMENT**

11.     On information and belief, Spectrum manufactures and sells door locks and hardware, including electronic access systems, including the Kwikset Kevo lock.  The Kevo deadbolt lock is loaded with hardware and software provided by UniKey that allows the use of a mobile phone to open the deadbolt lock.  The Kevo is advertised as "powered by UniKey."  On information and belief, UniKey also develops and maintains the Kevo app for use with the Kevo.  The Kevo app is an integral part of the Kevo.  The Kevo app is available for use on mobile devices and is available for download via the Apple App Store and via Google Play.  The Kevo device is sold with a certain number of electronic keys, and additional keys may be purchased through the Kevo App.

12.     On information and belief, UniKey also developed and maintains the website www.unikey.com which advertises and solicits business for the Kwikset Kevo, including a "Buy Now" feature, by which a visitor to the UniKey website can link directly to a site to purchase the Kevo online.

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement Against All Defendants – '271 Patent)**

13.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 12, inclusive, and incorporates them herein by this reference.

14.     By making, using, selling, offering to sell, and/or importing into the

United States the Kevo and any other products, systems of methods that meet all of the elements of at least one claim of the '271 Patent, Defendants have infringed, and are infringing one or more claims of the '271 Patent pursuant to 35 U.S.C. § 271(a).

15. On information and belief, Defendants have been and are currently actively inducing infringement of the '271 Patent by others by, among other things, actively inducing others to make, use, sell, offer to sell, and/or import into the United States the Kevo and any other products that meet each and every element of one or more claims of the '271 Patent. Defendants have also actively induced others to perform methods that infringe the claims of the '271 Patent with knowledge of the '271 Patent and that the acts so induced constitute infringement of the '271 Patent. Thus, Defendants are liable for infringement under 35 U.S.C. § 271(b).

16. Defendants have been and are currently contributorily infringing the '271 Patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing that same is especially made or especially adapted for use in an infringement of the '271 Patent. The components, material or apparatus are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

17. Defendants have knowingly, or with willful blindness, contributed to and induced, infringement, with knowledge or willful blindness that the acts induced and contributed to constitute patent infringement.

18. Plaintiff has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringement. Plaintiff will continue to be so damaged and irreparably injured unless such infringement is enjoined by this Court.

///

///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from further infringement of the '271 Patent;

2.     A judgment by the Court that Defendants have infringed and are infringing the '271 Patent;

3.     An award of damages for infringement of the '271 Patent, with interest and costs, increased up to three times, as provided by 35 U.S.C. § 284;

4.     A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

5.     That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

6.     For costs of suit; and

7.     For such other and further relief as the Court may deem just and proper.


Dated:  May 18, 2015                              RUTAN & TUCKER, LLP
                                                              MICHAEL T. HORNAK
                                                              RONALD P. OINES
                                                              BRADLEY A. CHAPIN
                                                              BENJAMIN DEMING


                                              By:   _/s/ Ronald P. Oines_
                                                              Ronald P. Oines
                                                              Attorneys for Plaintiff ASSA ABLOY
                                                              AB

COMPLAINT FOR INJUNCTION AND
DAMAGES FOR PATENT INFRINGMENT

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiffs hereby demand a jury trial in this action.

Dated: May 18, 2015

RUTAN & TUCKER, LLP
MICHAEL T. HORNAK
RONALD P. OINES
BRADLEY A. CHAPIN
BENJAMIN DEMING

By: _/s/ Ronald P. Oines_
Ronald P. Oines
Attorneys for Plaintiff ASSA ABLOY AB